UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN R. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-0714-CVE-FHM |
| ) | |
| SAMANTHA TUCKER, KRISTIA[1] ) | |
| LOVENDAHL, and ARVEST BANK, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Arvest Bank (Arvest)'s Motion to Dismiss Combined with Brief in Support (Dkt. # 6) and defendant Kristina Lovendahl's Motion to Dismiss Combined with Brief in Support (Dkt. # 11). Wilson filed a complaint against Arvest, Lovendahl, and Samantha Tucker on November 8, 2010. Dkt. # 2. On December 7, 2010, Arvest filed a notice of bankruptcy filing (Dkt. # 7) and the motion to dismiss, arguing that plaintiff lacks standing to bring his claims and that the Court lacks jurisdiction to hear the claims. On December 29, 2010, Lovendahl filed a motion to dismiss containing similar arguments as to jurisdictional defects in plaintiff's complaint, and seeks costs and attorney fees.

**I.**

Plaintiff's complaint arises out of incidents occurring from December 2009 to April 2010. Wilson alleges that he deposited approximately $47,000 with Arvest in December 2009. Dkt. # 2, at 2. He states that defendants Tucker and Lovendahl worked for him at that time "doing various

---

[1] Plaintiff John R. Wilson sued defendant Lovendahl as "Kristia." Dkt. # 2. However, it is clear from Lovendahl's motion to dismiss that the proper spelling is "Kristina." Dkt. # 11.

odd jobs[,] including running personal errands." Id. Wilson alleges that in December 2009 or January 2010, Tucker and Lovendahl stole some of his blank checks, and that they used the checks to withdraw unauthorized funds from his account. Id. As a result of the alleged abuse of his account by Tucker and Lovendahl, Wilson says that his bank account at Arvest was exhausted, and that he incurred many charges due to insufficient funds. Id. He claims that Arvest employees "cashed all checks without question" and without proper authorization, including a check for $20,000. Id. Based on these allegations, he alleges claims for relief against Arvest for negligence, a claim against all defendants for breach of fiduciary duty, and a claim against Tucker and Lovendahl for conversion. Id. at 3-5. He also seeks damages from Tucker and Lovendahl. Id. at 5.

On September 7, 2010, Wilson filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Oklahoma. See Case No. 10-13360-M.[2] The schedule of assets that he filed as required by 11 U.S.C. § 541 did not list Wilson's claims against the defendants as an asset. Plaintiff did, however, commence an adversary proceeding against the defendants in the bankruptcy court on October 21, 2010. See Case No. 10-AP-1114-M. Although the complaint in the adversary proceeding was termed a "complaint to recover preferential transfer," its contents are nearly identical to the complaint plaintiff filed in this Court. Case No. 10-AP-1114-M, Dkt. # 1. Arvest filed a motion to dismiss the adversary proceeding on the ground that jurisdiction was lacking because Wilson had

---

[2] References to documents filed in the case before the Court will be made by docket number only. References to documents filed in the Bankruptcy Court will be accompanied by the case number.

not properly complied with bankruptcy procedure,[3] that he lacked standing to file the claim, and that the form of the complaint was improper. Case No. 10-AP-1114-M, Dkt. # 7. Wilson also filed a motion to dismiss the adversary proceeding, asking the bankruptcy court to dismiss the action without prejudice and to "issue a relief from stay" so that he could "pursue the action in a different forum." Case No. 10-AP-1114-M, Dkt. # 12. A hearing on the motions to dismiss the adversary proceeding is scheduled for January 11, 2011.

On November 8, 2010, prior to a ruling by the bankruptcy court, Wilson filed a complaint in this Court. Dkt. # 2. Arvest filed a motion to dismiss, arguing that when Wilson filed for bankruptcy, all of his property became the property of the bankruptcy estate. Dkt. # 6, at 1. It argues that the claims asserted against defendants in this case are part of the estate and that, as a result, the Chapter 7 Trustee is the only party with standing to allege a claim against the defendants. Id. at 1-2. Moreover, Arvest argues that plaintiff has failed to state a federal claim, and that this Court lacks jurisdiction over his complaint. Id. at 2.[4]

**II.**

A party's standing to bring a claim in federal court is a threshold question, for if the party lacks standing, then the court does not have jurisdiction over his claims. See City of Colo. Springs v. Climax Molybdenum Co., 587 F.3d 1071, 1078-79 (10th Cir. 2009). Federal Rule of Civil Procedure 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." The Tenth Circuit Court of Appeals has interpreted that requirement to establish a limit on standing.

---

[3]   Arvest amended the motion to dismiss to delete this ground from its argument. Case No. 10-AP-1114-M, Dkt. # 9.

[4]   These claims were adopted by Lovendahl in her motion to dismiss. Dkt. # 11, at 1.

3

See RMA Ventures Calif. v. SunAmerica Life Ins. Co., 576 F.3d 1070, 1073 (10th Cir. 2009)(citing Rawoof v. Texor Petrol. Co., Inc., 521 F.3d 750, 757 (7th Cir. 2008), for statement that the "real party in interest requirement is essentially the codification of a well-established prudential-standing limitation precluding litigants from enforcing the rights of others"). Thus, "a plaintiff's standing is contingent upon the entitlement to enforce an asserted right." Id.

The commencement of a bankruptcy case under Chapter 7 creates an estate. 11 U.S.C. § 541(a). The property of the estate includes "all legal or equitable interests of the debtor . . . as of the commencement of the case." 11 U.S.C. § 541(a)(1).[5] It is well-settled that "[l]egal claims are assets of [the] bankruptcy estate, 'especially when they are claims for money.'" Clark v. Trailiner Corp., 2000 WL 1694299, at * 1 (10th Cir. 2000)(unpublished)[6](citing Polis v. Getaways, Inc. (In re: Polis), 217 F.3d 899, 902 (7th Cir. 2000)). A legal claim becomes part of the debtor's property at the time a claim first could have been filed. Thus, when events giving rise to a legal claim occur prior to the filing of a bankruptcy petition, that claim is part of the "property of the debtor and hence of the debtor's estate in bankruptcy." See Polis, 217 F.3d at 902 (internal quotations omitted). This is true regardless of whether the debtor lists the claim on the schedule of assets, as "[a]ssets not properly scheduled remain property of the bankruptcy estate." Clark, 2000 WL 1694299, at * 1; see also Kirby v. United States, No. 07-CV-568-PJC, 2009 WL 302077 (N.D. Okla. Feb. 6, 2009)("failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate"). Assets of the estate are within the sole control of the trustee. Log Furniture, Inc. v. Call,

---

[5] Upon filing a petition for bankruptcy under Chapter 7, the debtor is required to file, among other things, a schedule of assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(i).

[6] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

4

180 F. App'x 785, 787 (10th Cir. 2006)(unpublished)[7]. Thus, "courts addressing the standing of a Chapter 7 debtor to assert a cause of action belonging to the bankruptcy estate have generally held that any such cause of action can only be asserted by the trustee of the bankruptcy estate." See Ardese v. DCT, Inc., No. 06-CV-012-JHP, 2006 WL 3757916, at * 4 (E.D. Okla. Dec. 19, 2006)(collecting cases).

The events giving rise to Wilson's complaint allegedly occurred between December 2009 and April 2010. Wilson did not file his bankruptcy petition until September 27, 2010. Thus, at the time that Wilson filed the bankruptcy petition, the claims were part of his property, and ought to have been included on the schedule of assets. That they were not properly included does not prevent the Court from finding that his claims are part of the bankruptcy estate. Plaintiff argues that he has standing to bring his claims because "[t]he money [he] is suing for is not in the [p]laintiff's estate yet so the [t]rustee does not control it as part of the estate yet." Dkt. # 10, at 2. However, that argument is based on an improper understanding of the bankruptcy estate. The estate does not include only tangible property, but also "all the legal and equitable interests in property." 11 U.S.C. § 541(a)(1). Thus, Wilson's claims form part of the bankruptcy estate, and only the trustee may bring the claims. Because the plaintiff is not a real party in interest, he lacks standing, and the Court does not have jurisdiction over his claims.[8]

---

[7]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

[8]   Because the Court lacks jurisdiction based on lack of standing, it will not address defendants' arguments regarding lack of subject matter jurisdiction due to plaintiff's failure to state a federal claim. Dkt. # 6, at 2; Dkt. # 10, at 2-3; Dkt. # 11, at 1-3.

Federal Rule of Civil Procedure 17(a)(3) prevents a court from dismissing an action for failure to prosecute in the name of the real party in interest "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." As a result, many courts have determined that a stay of dismissal following a determination that a debtor lacks standing is necessary to provide an opportunity for the trustee to be substituted as plaintiff.[9] However, Rule 17(a)(3) does not apply universally, but rather only "to cases in which substitution of the real party in interest is necessary to avoid injustice." 6A Charles Alan Wright, Arthur Miller, Mary Kay Kane, and Richard L. Marcus, Federal Practice and Procedure § 1555 (3d ed. 1998). Here, both plaintiff and the trustee received service of Arvest's objection on standing grounds in the bankruptcy adversary proceeding on November 2, 2010. Case No. 10-01114-M, Dkt. # 7. They received service of a nearly identical objection in this Court on December 7, 2010. Dkt. # 6. Neither plaintiff nor the trustee has made any effort to substitute the trustee as the real party in interest. Moreover, there is an adversary proceeding pending in the Bankruptcy Court. Although both parties are currently seeking to dismiss that proceeding, its ongoing nature provides plaintiff, the trustee, and plaintiff's creditors a full opportunity to proceed on his claims to the extent

---

[9] See, e.g., Ammons v. La-Z-Boy, Inc., No. 1:04-CV-67-TC-SA, 2009 WL 3460306, at * 7 (D. Utah Oct. 20, 2009)(imposing stay of dismissal for forty-five days to allow substitution of trustee as real party in interest); Vidal v. Doral Bank Corp., 363 F. Supp. 2d 19, 22 (D. P.R. 2005)(granting forty-five day stay of dismissal to allow the bankruptcy trustee time to substitute itself as plaintiff). Such stays are often justified by the need to protect the interests of the creditors, which may be harmed if the trustee is not provided an opportunity to join in the claim. See, e.g., Ammons, 2009 WL 3460306, at * 7.

warranted.  Therefore, no injustice will occur from immediate dismissal of Wilson's claims, and such dismissal for lack of jurisdiction is warranted.[10]

### III.

Lovendahl seeks an award of costs and attorney fees incurred as a result of her participation in this case.  Dkt. # 11, at 3.  However, it is a well-established principle of American jurisprudence that the prevailing litigant in a civil case is not ordinarily entitled to attorney fees from the losing party, and such fees are appropriate "only in exceptional cases and for dominating reasons of justice."  Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co., 470 F.3d 947, 953 (10th Cir. 2006).  Although plaintiff lacked standing to file this lawsuit, the Court does not find that this is a claim of such exceptional bad faith, or of such a vexatious or oppressive nature, id., so as to warrant an award of attorney fees or costs.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss Combined with Brief in Support (Dkt. # 6) is **granted**.  The plaintiff lacks standing to bring his claims, and the case is dismissed as to all parties.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant Lovendahl's Motion to Dismiss Combined with Brief in Support (Dkt. # 11) is **granted** in part and **denied** in part: it is granted as to dismissal for lack of standing; it is denied as to the requested attorney fees and costs.

**DATED** this 5th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[10]  The Court notes that defendant Tucker has not yet filed any response in this action.  However, plaintiff's lack of standing extends to all of his claims.  Therefore, plaintiff's claims will be dismissed against all defendants.

7